IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>WAVERLY LICENSING LLC, MAVEXAR LLC, ARRAY IP LLC, and IP EDGE LLC,<br><br>              Defendants. | C.A. No. 1:22-cv-1554-CFC<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Power Integrations, Inc. hereby alleges as follows:

## THE PARTIES

1. Power Integrations, Inc. ("Power Integrations" or "PI") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

2. Upon information and belief, defendant Waverly Licensing LLC ("Waverly") is a limited liability company that claims to be organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034; defendant Array IP LLC ("Array IP") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034; defendant Mavexar LLC ("Mavexar") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 2150 S Central Expressway, Suite 200, McKinney, TX 75070; and defendant IP Edge LLC ("IP Edge") is a limited liability company organized and existing under the laws of the State of Texas

with its principal place of business at 5300 N Braeswood Blvd, Suite 4, Houston, TX 77096 (collectively, "Defendants").

## GENERAL ALLEGATIONS

3.  Plaintiff Power Integrations is a semiconductor company based in San Jose, California. For the last 30 years, Power Integrations has been the leading developer and supplier of the chips that make modern power supplies—used to charge phones and other products— smaller, lighter, and more energy efficient.

4.  Power Integrations' products include its InnoSwitch™ families of power conversion integrated circuit devices, which are used by others in manufacturing power supplies for ultimate use by still others with electronic devices such as cellular telephones, LCD monitors, and computers. The InnoSwitch™ Family of ICs combines primary, secondary and feedback circuits in a single surface-mounted off-line flyback switcher IC. The InnoSwitch IC incorporates a high-voltage primary-side switch, a primary-side controller, a secondary-side controller for synchronous rectification, and an innovative new FluxLink™ technology that eliminates the need for an optocoupler.

5.  Defendants have engaged in a broad and aggressive campaign to harass and threaten many companies, including Power Integrations, with assertions of patent infringement liability, including assertions based on use of Power Integrations' InnoSwitch ICs. As such, an actual controversy between the parties exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

6.  Defendants' actions have not been limited to mere threats, but also include actual initiation of patent infringement litigation against Power Integrations. On October 31, 2022, Defendant Waverly Licensing LLC filed a lawsuit for patent infringement against Power

Integrations in the U.S. District Court for the Western District of Texas ("the Waverly-PI Complaint").  A true and correct copy of the Waverly-PI Complaint is attached as Exhibit B.

7. The Waverly-PI Complaint alleges that Waverly is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034.  The Waverly-PI Complaint further alleges that Waverly is the owner and assignee of U.S. Patent No. 10,938,246 ("the '246 patent"), entitled "Method and Apparatus for Charging a Battery-Operated Device," and identifies one of Power Integrations' InnoSwitch ICs as a basis for the infringement allegations.  (Ex. B at ¶¶ 8-9, 19.)  A true and correct copy of the '246 patent is attached as Exhibit A.

## THE HISTORY OF WAVERLY'S ASSERTION OF THE PATENT-IN-SUIT VIA IP EDGE-RELATED ACTIVITY

8. On information and belief, the '246 patent was assigned from the original named inventors at Golba, LLC to Array IP LLC on July 15, 2021 (along with other patents in the same patent family).  (*See* Ex. C – assignment to Array/IP Edge.)

9. In an assignment filed with the U.S. Patent and Trademark Office for the '246 patent, defendant Array IP LLC identified itself as having the same address that defendant Waverly Licensing LLC lists in the Waverly-PI complaint as its principal place of business (3333 Preston Road, Suite 300, Frisco, Texas 75034).  (*Id.*)  However, that address is actually a Staples store, as indicated in the true and correct photos of that address reproduced below.





10. Moreover, the specific box number that defendant Waverly occasionally lists in its court filings as its "principal place of business" within that "suite" is an open shelf, as shown in the true and correct photo of that address reproduced below. *See*, *e.g.*, D. Del. C.A. No. 1:22-cv-420-CFC, D.I. No. 17 (Waverly Amended Complaint against AT&T, listing Waverly's principal place of business as "3333 Preston Road STE 300 **#1095**, Frisco, TX 75034" (emphasis added)).



11. In another of its recent lawsuits asserting the '246 patent, Waverly listed a different sham principal place of business from the one identified in this case. Specifically, in its November 28, 2022 complaint against Aukey, LLC filed in the Central District of California (C.D. Cal. 2:22-cv-8642-CAS-MAA), Waverly listed its principal place of business as "6001 West Parmer Lane, Suite 370-1165, Austin, Texas 78727." (Ex. G at ¶ 1.) But "Suite 370" at 6001 West Parmer Lane in Austin, Texas is actually a business called "PostalAnnex+" that serves as a FedEx/UPS ship center and P.O. box rental facility, as shown below in the true and correct copy of photographs of the storefront and mailboxes found at that address:





12. Waverly's complaint against Aukey is not the only place where Waverly has provided inconsistent information regarding its business and operations in filings with the District Courts throughout the United States. Despite identifying itself as a Texas Limited Liability Corporation in its complaint against Power Integrations, in Waverly's complaint

asserting the same '246 patent-in-suit against IOGEAR, Inc. in the Central District of California, Waverly pleaded that it was "a limited liability company <u>organized and existing under the laws of the State of California</u>." (Ex. H at ¶ 1.)[1] In Waverly's complaint asserting the same '246 patent-in-suit against National Products in the Western District of Washington, Waverly pleaded that it was "organized and existing under the laws of the State of <u>Washington</u>" and that its "principal place of business" was in the state of Washington. (Ex. I at ¶ 1.) In Waverly's complaint asserting the same '246 patent-in-suit against Phihong in the Eastern District of New York, Waverly pleaded that it was "organized and existing under the laws of the State of <u>New York</u>" and that its principal place of business was in the state of New York.[2] (Ex. J at ¶ 1.)

13. In the initial assignment from Golba, LLC to Array IP LLC, Array IP LLC's principal identified her e-mail address as linhd@ip-edge.com. (Ex. C at 2.) On information and belief, the same person whose e-mail address was listed in the PTO records as the contact for defendant Array IP LLC, Ms. Linh Deitz, is the office manager at defendant IP Edge LLC. (Ex. D – LinkedIn profile for Ms. Deitz.)

14. On information and belief, defendant Array IP LLC subsequently assigned some rights to the '246 patent to defendant Waverly Licensing LLC. (Ex. E – assignment to Waverly.)

15. Notably, defendant Array IP LLC also assigned some rights to another patent in the same family as the '246 patent to a separate entity, Creekview IP LLC ("Creekview"), including at least U.S. Patent No. 9,608,472 ("the '472 patent"). Creekview has been asserting

---

[1] Waverly's complaint against IOGEAR also identifies the Austin Texas mailbox noted in the prior paragraph as its "principal place of business," contrary to Waverly's complaint against Power Integrations.

[2] Notably, other than the various states Waverly listed for its "principal place of business" in its complaints against Phihong and National Products, the addresses in those complaints otherwise match the mail drop located within the Staples store in Frisco, Texas that Waverly identified in other complaints, as noted above. (*See* Ex. I at ¶ 1; Ex. J at ¶ 1.)

the '472 patent in at least this District, including in six lawsuits filed in this District since November 2021. *See* D. Del. C.A. Nos. 21-cv-1685-CFC (v. Corsair Gaming); 21-cv-1686-CFC (v. Belkin); 22-cv-425-CFC (v. Best Buy); 22-cv-426-CFC (v. Jabra); 22-cv-427-CFC (v. Skullcandy); 22-cv-428-CFC (v. Zound).

16. On information and belief, and according to testimony given in open court in Delaware earlier this year during hearings in front of Chief Judge Connolly, defendants Mavexar LLC and IP Edge control litigation on behalf of entities affiliated with IP Edge, with the named plaintiff LLCs and their sole members having no input or control over the litigation and receiving only a token percentage of any settlement revenue. Moreover, in a November 30, 2022 filing by Waverly in another of Waverly's lawsuits asserting the '246 patent-in-suit (C.D. Cal. 2:22-cv-8642-CAS-MAA, D.I. 10), Waverly acknowledged Mavexar LLC as an interested party who "may have a pecuniary interest in the outcome of this case." (Ex. F.) As such, on information and belief, the true owners of the '246 patent-in-suit and the related rights to sue are IP Edge and/or its affiliates, including Mavexar LLC and Array IP LLC – not Waverly Licensing.

17. IP Edge's scheme for enforcing patents with the assistance of Mavexar LLC through its affiliates incorporated via Texas LLCs formed with unwitting sole members includes not only defendant Waverly Licensing, but also Creekview, Nimitz Licensing LLC, and many of the other 200+ patent enforcement entities affiliated with IP Edge who are involved in the 4,000+ lawsuits filed by IP Edge-affiliated entities since the founding of IP Edge in 2015. *See* https://insight.rpxcorp.com/entity/1034412-ip-edge-llc. Given that the structure of IP Edge and Mavexar's enforcement entities via sole, sham members effectively "judgment proofs" the real parties in interest, and that IP Edge is using these sole member LLCs in an attempt to insulate

itself from any liability for the frivolous assertion of patents and to hide the true parties behind the litigation while effectively controlling the litigation through Mavexar, IP Edge is a real party in interest in this litigation and is properly a named defendant in this DJ action, along with its intermediaries Array IP and Mavexar.

**THE COMPLAINT AGAINST POWER INTEGRATIONS**

18. According to the Waverly-PI Complaint, Power Integrations allegedly "makes, sells, advertises, offers for sale, uses, or otherwise provides battery chargers and adapters covered by the Waverly Patents, including the National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3." (Ex. B at ¶ 19.) But National Products is the named defendant in *another* of Waverly's lawsuits asserting the '246 patent (WDWA C.A. No. 22-cv-1532). National Products is not a named defendant in the Waverly-PI suit. It appears that Waverly's complaint against PI inaccurately includes information from a wholly-separate lawsuit instead of anything specific to PI.

19. Although the Waverly-PI Complaint identifies "battery chargers and adapters", including the specific identification of a product of some other company (National Products), the infringement allegations of the Waverly-PI Complaint also cite to and rely upon materials that describe Power Integrations' InnoSwitch3-PD integrated circuit products; for example, the Waverly-PI Complaint includes excerpts from Power Integrations' webpages and design examples describing the InnoSwitch3-PD and its capabilities for being used in USB-compliant power supplies. (*E.g.*, Ex. B at ¶ 19.)

20. In light of the specific allegations of the Waverly-PI Complaint, a substantial controversy exists between parties with adverse legal interests of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment. Accordingly, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

21. This action arises under the United States patent laws, 35 U.S.C. §§ 101, *et seq.*, and includes a request for declaratory relief under 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, and 35 U.S.C. § 1, *et seq.*

22. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the privilege of conducting activities within this State and judicial District. For example, Defendants have availed themselves of the use of this District's courts in asserting their patent rights in numerous lawsuits filed in this District listing Waverly as Plaintiff, including numerous lawsuits asserting the same '246 patent-in-suit in this case. *See* D. Del. C.A. Nos. 22-cv-420-CFC (v. AT&T); 22-cv-421-CFC (v. Fantasia Trading); 22-cv-422-CFC (v. Granite River); 22-cv-423-CFC (v. Leviton Mfg.); 22-cv-424 (v. Otter Products); 22-cv-889-CFC (v. Monolithic Power Systems). As noted above, Defendants IP Edge, Mavexar, and Array IP have also availed themselves of the use of this District's courts in asserting their patent rights in numerous lawsuits filed in this District listing Creekview IP LLC as Plaintiff, including numerous lawsuits asserting another patent, U.S. Patent No. 9,608,472, which is in the same family as the patent-in-suit in this case.

23. The Court also has general personal jurisdiction over Defendants IP Edge and Mavexar at least because of their continuous and systematic contacts within this District, including conducting substantial and regular business therein through their extensive litigation campaigns (and the attendant nuisance settlement and licensing agreements with their targets) in this District, as further noted above.

24. Upon information and belief, Defendants have derived substantial revenue from their litigation campaigns in this District over the years, even though their lawsuits all seek to extract nuisance value settlements that are far below the cost of litigating these patent cases.

25. The Court also has specific personal jurisdiction over Defendants because of their purposeful litigation misconduct against Power Integrations, a Delaware resident.

26. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, in part, Defendants conduct and have regularly conducted business in this judicial district and are subject to personal jurisdiction in this District, and/or because a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and/or because Plaintiff is a resident of the state of Delaware through its incorporation under the laws of this state who has been accused of patent infringement.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,938,246

27. The facts and allegations of paragraphs 1-26 are incorporated by reference for this First Cause of Action as though fully set forth herein.

28. The '246 patent is asserted against Power Integrations in the Waverly-PI Complaint, which relies on citations to information from Power Integrations' website about its InnoSwitch3-PD product.

29. The Waverly-PI Complaint does not expressly assert that the InnoSwitch3-PD itself infringes any claims of the '246 patent. Rather, according to the Waverly-PI Complaint, Power Integrations allegedly "makes, sells, advertises, offers for sale, uses, or otherwise provides battery chargers and adapters covered by the Waverly Patents, including the National Products

11

RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3, as represented below, including all augmentations to these platforms or descriptions of platforms." (Ex. B at ¶ 19.)

30. Power Integrations does not infringe any claim of the '246 patent, at least, because Power Integrations does not make, use, sell, offer to sell, or import any "battery-operated device" which includes "a battery", or "electronic circuitry configured to be powered by the battery," as recited in the independent claims of the '246 patent.

31. Power Integrations also does not infringe any claim of the '246 patent, at least, because Power Integrations does not make, use, sell, offer to sell, or import any "battery chargers and adapters", including the "National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3" which, on information and belief, is a product of a company completely unrelated to Power Integrations. Even if the reference to this specific product is an error on the part of the Waverly-PI Complaint, Power Integrations is also not in the business of providing battery chargers or adapters – Power Integrations is a chip company which designs, makes and sells integrated circuits.

32. Even if the Waverly-PI complaint is interpreted to accuse Power Integrations' actual products, such as the InnoSwitch3-PD, Power Integrations also does not infringe any claim of the '246 patent, at least, because the InnoSwich3-PD is not, nor does it include, a "battery-operated device" or provide "a method for charging a battery-operated device" as recited in the independent claims of the '246 patent. More specifically, the InnoSwitch3-PD does not include "a battery", "electronic circuitry configured to be powered by the battery," or "a converter configured to receive energy from any of a plurality of authorized chargers." Nor is the InnoSwitch3-PD "a charger", it cannot be configured to "receive a charger identification

from a charger", and it does not meet any of the other limitations of the "battery-operated device" recited in the independent claims of the '246 patent.

33. The Waverly-PI Complaint in fact fails to identify any specific battery-operated device, or even a charger or adapter, which allegedly incorporates a Power Integrations InnoSwitch3-PD chip. Because the InnoSwitch3-PD cannot be used, and is not intended by Power Integrations to be used, to implement a battery-operated device or provide a method of charging a battery operated device, having the limitations as recited in the independent claims of the '246 patent, Power Integrations also cannot indirectly infringe.

34. Power Integrations is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Power Integrations does not infringe, directly or indirectly, any claim of the '246 patent either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Power Integrations requests the following relief:

(a) judgment that Power Integrations has not infringed, and does not infringe, directly or indirectly, any claim of the '246 patent, either literally or under the doctrine of equivalents;

(b) costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

(c) such other and further relief as the Court finds just and proper.

## JURY DEMAND

Plaintiff Power Integrations requests trial by jury.

Dated: December 22, 2022				FISH & RICHARDSON P.C.

					By: _/s/ Warren K. Mabey, Jr._
						Warren K. Mabey, Jr. (#5775)
						222 Delaware Avenue, 17th Floor
						P.O. Box 1114
						Wilmington, DE 19801
						Telephone: (302) 652-5070
						Email: mabey@fr.com

						Frank E. Scherkenbach
						One Marina Park Drive
						Boston, MA 02210-1878
						Telephone: (617) 542-5070
						Email: scherkenbach@fr.com

						Michael R. Headley
						500 Arguello Street, Suite 400
						Redwood City, CA 94063
						Telephone: (650) 839-5070
						Email: headley@fr.com

					**ATTORNEYS FOR PLAINTIFF,
					POWER INTEGRATIONS, INC.**