IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,    )
a Delaware corporation,          )
                                 )
             Plaintiff,     )
                                 )
         v.            )  C.A. No. 22-1554 CFC
                                 )
WAVERLY LICENSING LLC,    )
ARRAY IP LLC, MAVEXAR LLC  )
and IP EDGE LLC,          )
                                 )
           Defendants.  )

**OPENING BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

David L. Finger (ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE  19801
(302) 573-2525
Attorney for Defendants

Dated:   April 6, 2023

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF RELEVANT ALLEGED FACTS . . . . . . . . . . . . . . . . . . . . . . . 3

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    THIS COURT LACKS SUBJECT MATTER OVER THIS ACTION
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS
      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  VENUE IS IMPROPER IN DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

# TABLE OF AUTHORITIES

## Cases

*2003 L. and F. Becker Family Trust v. BOKF, NA*, 2016 WL 3227647 (E.D. Pa. June 13, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008) . 6

*Crypton Future Media, Inc. v. Hologram USA, Inc*., 2015 WL 5234042 (D. Del. Sept. 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*CSTECHUS, Inc. v. NorthernZone, LLC*, 2021 WL 4974825 (S.D. Cal. Oct. 25, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Mobile Telecommunications Technologies, LLC*, 243 F.Supp.3d 478 (D. Del. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Rosuvastatin Calcium Patent Litig.,* 2009 WL 4800702 (D. Del. Dec. 11, 2009), *report and recommendation adopted*, 2010 WL 661599 (D. Del. Feb, 19, 2010) . 7

*In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018) . . . . . . . . . . . . . . . . . . . . . 10

*Lowe v. ShieldMark, Inc*., 2022 WL 636100 (Fed. Cir. Mar. 04, 2022) . . . . . . . . . 5

*Merlino v. Harrah's Entertainment, Inc.*, 2006 WL 401847 (E.D. Pa. Feb. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350 (Fed. Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ostella v. IRBSearch, LLC*, 2014 WL 3843880 (E.D. Pa. Aug. 05, 2014) . . . . . . 10

*Pride Mfg. Co. v. Evolve Golf, Inc.,* 2016 WL 6469309 (D. Del. Oct. 31, 2016) . . 5

*Steffel v. Thompson*, 415 U.S. 452 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) 5

*Sweeney v. Alcon Laboratories, Inc.*, 2017 WL 5034466  (D. N.J. May 17, 2017) .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **Other authorities**

10 Del. C. §3104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §1400(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Plaintiff Power Integrations, Inc. ("Power Integrations" or "Plaintiff") filed this action against Defendants Waverly Licensing LLC ("Waverly"), Array IP LLC ("Array"), Mavexar LLC ("Mavexar") and IP EDGE LLC ("IPE") (collectively, "Defendants") on November 30, 2022.

Defendants filed a Motion to Dismiss on April 6, 2023.  This is Defendants' Opening Brief in Support of Their Motion to Dismiss.

1

## <u>SUMMARY OF ARGUMENT</u>

1.      Defendants have filed covenants not to sue Plaintiff or its customers for infringement of  U.S. Patent No. 10,938,246.  Those covenants render this action moot, resulting in this Court lacking subject matter jurisdiction.

2.      This Court lacks personal jurisdiction over Defendants. None of them are Delaware residents, and there is no allegation that any of them committed any of the acts listed in Delaware's long-arm statute, 10 Del. C. §3104.  Waverly, unlike the others, has filed other lawsuits in this Court, but the act of litigating in this Court, as a matter of law, does not rise to the level of a persistent and continuous course of conduct in Delaware.

3.      Venue in Delaware is improper because none of Defendants are Delaware residents.

2

## STATEMENT OF RELEVANT ALLEGED FACTS

### PARTIES

Plaintiff is incorporated under the laws of the state of Delaware. (Compl. ¶1).

Waverly Licensing LLC ("Waverly"), Array IP, LLC, Mavexar LLC and IP Edge, LLC are limited liability companies organized and existing under the laws of the State of Texas. (Compl. ¶2).

### BACKGROUND

Power Integrations is a semiconductor company based in San Jose, California. For the last 30 years, Power Integrations has been the leading developer and supplier of the chips that make modem power supplies-used to charge phones and other products- smaller, lighter, and more energy efficient.  (Compl. ¶6).

On October 31, 2022, Defendant Waverly Licensing LLC filed a lawsuit against Power Integrations for patent infringement concerning U.S. Patent No. 10,938,246 ("the '246 patent""), entitled "Method and Apparatus for Charging a Battery-Operated Device," in the U.S. District Court for the Western District of Texas ("the Waverly-PI Complaint"). (Compl. ¶9).  The Waverly-Pl Complaint alleges that Waverly is the owner and assignee of the '246 patent, and identifies one of Power Integrations' InnoSwitch ICs as a basis for the infringement allegations. (Compl. ¶10).

3

According to the Waverly-PI Complaint, Power Integrations allegedly "makes, sells, advertises, offers for sale, uses, or otherwise provides battery chargers and adapters covered by the Waverly Patents, including the National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3." (Compl. ¶19).

Power Integrations maintains that, in light of the specific allegations of the Waverly-PI Complaint, a substantial controversy exists between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment and, accordingly, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. §2201. (Compl. ¶20).

## ARGUMENT

## I.  THIS COURT LACKS SUBJECT MATTER OVER THIS ACTION.

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974).

On February 15, 2023, each Defendant filed with this Court a Covenant Not to Sue, promising not to sue either Power Integrations or its customers on the '246 patent. (D.I. 16-19).[1]  Defendants filed amended Covenants on April 4, 2023, modifying language with respect to customers of Power Integrations.

The filing of such covenants renders the action moot and so divests the trial court of subject matter jurisdiction over this action as there is no longer a case or controversy. *Lowe v. ShieldMark, Inc.*, 2022 WL 636100 at *8 (Fed. Cir. Mar. 04, 2022); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); *Pride Mfg. Co. v. Evolve Golf, Inc.,* 2016 WL 6469309 at *2 (D. Del. Oct.

---

[1]

On February 21, 2023, Waverly Licensing LLC filed, in the Western District of Texas, a covenant not to sue Power Integrations and its customers concerning the '246 patent. *Waverly Licensing LLC v. Power Integrations, Inc*., 6:22-cv-01144 at D.I. 17 (W.D. Tex. Feb. 21, 2023). Three days later, on February 24, 2023, the Western District of Texas Court *sua sponte* dismissed the action before its court as a result of the covenant not to sue.  D.I. 19 (attached hereto as Exhibit A).

5

31, 2016) ("A covenant not-to-sue deprives the court of declaratory judgment jurisdiction relating to claims addressed by the covenant"). Binding written assurances unequivocally disclaiming any intent to sue can also moot a controversy. *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1358 (Fed. Cir. 2013); *Crypton Future Media, Inc. v. Hologram USA, Inc*., 2015 WL 5234042 at *2 (D. Del. Sept. 8, 2015) (quoting *Organic Seed Growers & Trade Ass'n* ).

In light of the covenants not to sue, there is no longer a live case or controversy before the Court and so this action must be dismissed for lack of subject matter jurisdiction.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

The issue of personal jurisdiction in patent infringement cases is governed by Federal Circuit law. *See Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). Under Federal Circuit law, a court addressing personal jurisdiction is to make two inquiries: (1) "whether a forum state's long-arm statute permits service of process;" and (2) "whether the assertion of personal jurisdiction would violate due process." *Id*.

Plaintiff does not allege that any of Defendants are Delaware entities. As such, Plaintiff must establish that Defendants are subject to personal jurisdiction in Delaware under Delaware's long-arm statute, 10 Del. C. §3104.

Plaintiff's sole claimed justification for this Court's assertion of personal jurisdiction is that Defendants have filed other lawsuits in this Court, which they assert constitutes continuous and systematic contact with Delaware.  (Am. Compl. ¶¶22-23).

Array, Mavexar and IPE have not filed any lawsuits anywhere, including Delaware.  As a matter of fact, only Waverly has filed prior actions in this Court. (*See* Am. Compl. ¶22 ("Defendants have availed themselves of the use of this District's courts in asserting their patent rights in numerous lawsuits filed in this District listing Waverly as Plaintiff...").  As to Waverly, as a matter of law, other litigation in the same forum does not qualify as a persistent course of conduct in Delaware.  *In re Rosuvastatin Calcium Patent Litig.,* 2009 WL 4800702 at *6 (D. Del. Dec. 11, 2009) ("Filing a counterclaim and defending a lawsuit, and consensually participating in other cases, is not enough to serve as a basis for a finding of a general presence in Delaware for all cases or a permanent waiver of a defendant's right to contest jurisdiction"), *report and recommendation adopted*, 2010 WL 661599 (D. Del. Feb, 19, 2010).  *Accord  2003 L. and F. Becker Family Trust v. BOKF, NA*, 2016 WL

3227647 (E.D. Pa. June 13, 2016) ("Appearing in, or even filing, lawsuits in this state, however, does not constitute continuous and systematic activity for purposes of establishing general jurisdiction"); *Merlino v. Harrah's Entertainment, Inc.*, 2006 WL 401847 at *3 (E.D. Pa. Feb. 17, 2006) (finding that a defendant who filed nineteen unrelated lawsuits in Pennsylvania state courts cannot, without more, be subject to general or specific jurisdiction in Pennsylvania).

In light of the foregoing, there is no basis for personal jurisdiction over Defendants, and so this action should be dismissed in its entirety.

## III.   **VENUE IS IMPROPER IN DELAWARE.**

Plaintiff claims that venue in this declaratory judgment action is proper under 28 U.S.C. §1400(b).  Section 1400(b), however, is not the applicable statute.  "While 28 U.S.C. §1400(b) governs venue in patent infringement actions, venue in an action seeking a declaratory judgment of non-infringement is governed by 28 U.S.C. § 1391." *In re Mobile Telecommunications Technologies, LLC*, 243 F.Supp.3d 478, 484 n.6 (D. Del. 2017). Under Section 1391(b), venue is proper in  "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

None of Defendants is a Delaware entity (Compl. ¶2), nor is it alleged that they have any offices in Delaware.  As shown above, Plaintiff has failed to establish a basis for personal jurisdiction in Delaware.  None of the events allegedly giving rise to this lawsuit occurred in Delaware.  While Plaintiff alleges that "a substantial part of the events or omissions giving rise to this action occurred in this judicial district" (Compl. ¶26), it is merely parroting the language of the statute without alleging any

facts supporting that conclusion. That is insufficient. *Sweeney v. Alcon Laboratories, Inc.*, 2017 WL 5034466 at *1 (D. N.J. May 17, 2017); *Ostella v. IRBSearch, LLC*, 2014 WL 3843880 at *2 (E.D. Pa. Aug. 05, 2014); *CSTECHUS, Inc. v. NorthernZone, LLC*, 2021 WL 4974825 at *3 (S.D. Cal. Oct. 25, 2021).

Even under Section 1400(b), venue is inappropriate. Plaintiff claims that venue is proper under Section 1400(b) because Plaintiff was incorporated in Delaware. (Compl. ¶5). But that is not the test. Under Section 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the *defendant* resides, or where the *defendant* has committed acts of infringement and has a regular and established place of business." (Italics added). Section 1400(b) "is intended to be restrictive of venue in patent cases compared with the broad general venue provision." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018).

Defendants are residents of Texas, not Delaware. (Compl. ¶2). There is no allegation that any acts of infringement occurred in Delaware or that Defendants have a regular and established place of business in Delaware. Thus, Plaintiff's reliance on Section 1400 is misplaced.

10

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court dismiss this action in its entirety.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE  19801
(302) 573-2525
Attorney for Defendants

Dated: April 6, 2023

11