IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,
a Delaware corporation,

                    Plaintiff,

            v.

WAVERLY LICENSING LLC,
MAVEXAR LLC, ARRAY IP LLC, and
IP EDGE LLC,

                    Defendants.

C.A. No. 22-cv-1554-CFC

**JURY TRIAL DEMANDED**

## POWER INTEGRATIONS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

FISH & RICHARDSON P.C.
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: mabey@fr.com

Frank E. Scherkenbach
One Marina Park Drive
Boston, MA   02210-1878
Telephone: (617) 542-5070
Email: scherkenbach@fr.com

Michael R. Headley
500 Arguello Street, Suite 400
Redwood City, CA   94063
Telephone: (650) 839-5070
Email:   headley@fr.com

*Attorneys for Plaintiff*
*POWER INTEGRATIONS, INC.*

Dated:   April 14, 2023

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS...........................1

II.   SUMMARY OF ARGUMENT..............................................1

III.  STATEMENT OF FACTS...................................................2

IV.   LEGAL STANDARD .......................................................5

V.    ARGUMENT.................................................................6

    A.    This Court Has Subject Matter Jurisdiction...............................6

    B.    This Court Has Personal Jurisdiction Over Defendants .............9

    C.    Venue Is Proper ......................................................... 12

VI.   CONCLUSION ................................................................. 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*2003 L. and F. Becker Family Trust v. BOKF, NA*,
2016 WL 3227647 (E.D. Pa. June 13, 2016)...................................................11

*Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*,
295 F. Supp. 2d 400 (D. Del. 2002)................................................................12

*Calder v. Jones*, 465 U.S. 783 (1984)................................................................12

*Creekview IP LLC v. Skullcandy Inc.*,
D. Del., C.A. No. 22-cv-427-CFC, D.I. 19.....................................................10

*Ford Motor Co. v. United States*,
811 F.3d 1371 (Fed. Cir. 2016) ........................................................................6

*Gen. Elec. Co. v. NeuroGrafix*,
No. 2:12-CV-04586-MRP-RZ, 2012 WL 13013132
(C.D. Cal. Aug. 16, 2012)................................................................................7

*Gould Elecs. Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000) .........................................................................5, 8

*Lincoln Ben. Life Co. v. AEI Life, LLC*,
800 F.3d 99 (3d Cir. 2015) ..............................................................................5

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)..........................................................................................6

*Merlino v. Harrah's Entertainment, Inc.*,
2006 WL 401847 (E.D. Pa. Feb. 17, 2006) ....................................................11

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F .2d 884, 891 (3d Cir. 1977) .................................................................5, 8

*Revolution Eyewear v. Aspex Eyewear, Inc.*,
556 F.3d 1294 (Fed. Cir. 2009) ........................................................................7

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
665 F.3d 1269 (Fed. Cir. 2012) ........................................................................5

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>**Page**</u>

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) ............................................................. 6

*UCP Int'l Co. v. Balsam Brands Inc.*,
   787 F. App'x. 691 (Fed. Cir. 2019) .................................................. 5

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ........................................................................... 6

**Statutes**

22 U.S.C. § 2201 ................................................................................. 5

28 U.S.C. § 1391 .................................................................... 2, 12, 13

**Other Authorities**

Fed. R. Civ. P. 7.1 .......................................................................... 1, 4

Fed. R. Civ. P. 12(b)(l) .................................................................... 5

U.S. Const. art. III, § 2, cl. 1 ........................................................... 5

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Power Integrations, Inc. ("Power Integrations" or "PI") filed this action against Defendants Waverly Licensing LLC ("Waverly"), Array IP LLC ("Array"), Mavexar LLC ("Mavexar") and IP EDGE LLC ("IP Edge") (collectively, "Defendants") on November 30, 2022.   PI filed an Amended Complaint on December 22, 2022.  D.I. 12.  Defendants filed a Motion to Dismiss on April 6, 2023.  D.I. 26-27.  This is Power Integrations' Brief in Opposition to Defendants' Motion to Dismiss.

## II.   SUMMARY OF ARGUMENT

While a covenant not to sue would normally extinguish subject matter jurisdiction over issues relating to the subject of the covenant, such is not the case here because the covenants are not enforceable.   The covenants signed by Array, Mavexar, and IP Edge recite that the named entity "has no ownership or control of the '246 Patent," rendering them meaningless.  *See* D.I. 23-1, 24-1, 25-1.  And while Waverly does not make this disclaimer, it has submitted no evidence contradicting the allegations in PI's Complaint that Waverly is a sham entity controlled by others.  *See* D.I. 12 at ¶¶ 8-17.  Defendants have not even complied with this Court's standing disclosure orders, in particular the Court's Standing Order Regarding Disclosure Statements Required By FRCP 7.1.   As a result, there remains substantial uncertainty as to whether Defendants have given PI an

1

enforceable covenant that in fact shields PI and its customers from suit in a way that would in fact deprive the Court of subject matter jurisdiction.

Defendants are subject to personal jurisdiction in this Court because much of their alleged conduct occurred here and because it was directed at a Delaware resident, Power Integrations.

Venue is proper in this Court under 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim occurred" here; because "a substantial part of property that is the subject of the action is situated" here; and because Defendants are subject to personal jurisdiction and have not shown there is another district "in which an action may otherwise be brought as provided in this section."

## III.   STATEMENT OF FACTS

PI's Complaint and Amended Complaint contain allegations that Defendant Waverly is a sham entity controlled by others.   *See* D.I. 12 at ¶¶ 8-17.   For example, PI pled that the "principal place of business" listed by both Waverly and Array "is actually a Staples store," as shown in photos reproduced in PI's complaint. *Id.* at ¶¶ 9-10.   PI also recounted Waverly's history of alleging different principal places of business in other cases.   *Id.* at ¶ 11-12.

In addition, PI pled facts linking Waverly to IP Edge, Mavexar, and Array. *Id.* at ¶¶ 13-17.   For example, an IP Edge email address was used in the patent

assignment documents (*id.* at ¶ 13), and another IP Edge entity called Creekview IP LLC ("Creekview") has been asserting a related patent in this District (*id.* at ¶ 15). Thus, PI concluded:

> IP Edge's scheme for enforcing patents with the assistance of Mavexar LLC through its affiliates incorporated via Texas LLCs formed with unwitting sole members includes not only defendant Waverly Licensing, but also Creekview, Nimitz Licensing LLC, and many of the other 200+ patent enforcement entities affiliated with IP Edge who are involved in the 4,000+ lawsuits filed by IP Edge-affiliated entities since the founding of IP Edge in 2015. *See* https://insight.rpxcorp.com/entity/1034412-ip-edge-llc. Given that the structure of IP Edge and Mavexar's enforcement entities via sole, sham members effectively "judgment proofs" the real parties in interest, and that IP Edge is using these sole member LLCs in an attempt to insulate itself from any liability for the frivolous assertion of patents and to hide the true parties behind the litigation while effectively controlling the litigation through Mavexar, IP Edge is a real party in interest in this litigation and is properly a named defendant in this DJ action, along with its intermediaries Array IP and Mavexar.

*Id.* at ¶ 17.

Defendants each filed covenants not to sue on February 15, 2023 and amended covenants on April 4, 2023. *See* D.I. 16-19, 22-25. The covenants submitted by IP Edge, Mavexar, and Array each state the named entity "has no ownership or control of the '246 Patent." *See* D.I. 16-18, 23-25. The covenants submitted by Waverly do not contain this disclaimer, but Defendants have submitted no evidence rebutting PI's allegations that Waverly does not actually own or control litigation relating to the '246 patent-in-suit.

3

On April 6, 2023, Defendants filed the present motion to dismiss.   However, they did not file the disclosures required by this Court's Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1 and Standing Order Regarding Third-Party Litigation Funding Arrangements.

Finally, this Court has recently issued relevant orders in other cases involving IP Edge and Mavexar.   For example, on March 31, 2023, the Court issued an order in *Backertop Licensing LLC v. Canary Connect, Inc.* that stated "the testimony of witnesses and representations of counsel at the November 10, 2022 hearing and other conduct by counsel and entities in this case and other cases in this Court give rise to concerns about the accuracy of statements in filings made by Plaintiff Backertop Licensing LLC (Backertop ), whether counsel complied with the Rules of Professional Conduct and orders of this Court, ***whether there are real parties in interest such as Mavexar and IP Edge that have been hidden from the Court and Defendants***, ***whether those real parties in interest perpetrated a fraud on the court by fraudulently conveying to a shell LLC patents asserted in this Court*** and filing fictitious patent assignments with the United States Patent and Trademark Office designed to shield those parties from the potential liability they would otherwise face in asserting patents in litigation in this Court."   Case 1:22-cv-00572-CFC, D.I. 25 (emphasis added).

## IV.   LEGAL STANDARD

The party asserting subject matter jurisdiction has the burden of proving its existence. *Lincoln Ben. Life Co.* v. *AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015). "Challenges to subject matter jurisdiction under Rule 12(b)(l) may be facial or factual." *Id.* (quoting *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009)).   A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Id.*   When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000).   Finally, in a factual challenge, "no presumptive truthfulness attaches to plaintiffs' allegations." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F .2d 884, 891 (3d Cir. 1977).

For a federal court to have subject matter jurisdiction over a declaratory judgment action, an actual case or controversy must exist.   U.S. Const. art. III, § 2, cl. 1; 22 U.S.C. § 2201.   "[T]here is no bright-line rule for determining whether [a declaratory judgment] action satisfies the case or controversy requirement." *Streck, Inc. v. Research & Diagnostic Sys., Inc.,* 665 F.3d 1269, 1282 (Fed. Cir. 2012).[1] Instead, the party seeking a declaratory judgment must show that, "under all the

---

[1]  Federal Circuit law governs the question of whether a district court has jurisdiction under the Declaratory Judgment Act when, as here, the underlying merits of the action involve patent infringement. *UCP Int'l Co. v. Balsam Brands Inc.,* 787 F. App'x. 691, 698 (Fed. Cir. 2019).

circumstances, . . . there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).   Even if the jurisdictional prerequisites for subject-matter jurisdiction are satisfied, the court retains discretion over whether to exercise jurisdiction based on the Declaratory Judgment Act.   *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016).

## V.   ARGUMENT

### A.   This Court Has Subject Matter Jurisdiction

PI agrees a proper covenant-not-to-sue can eliminate subject matter jurisdiction over issues relating to the covenant, though that is just one part of the analysis under the Supreme Court's decision in *MedImmune*.   *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (adding an "all-circumstances standard").

Here, however, the covenants offered by IP Edge, Mavexar, and Array state that IP Edge, Mavexar, and Array have "no ownership or control of the '246 Patent." *See* D.I. 23-1, 24-1, 25-1.   A covenant disclaiming authority to grant the very protection it purports to offer is facially meaningless, and another sham.   At the very least, it is highly ambiguous.

6

Defendants also cite no authority approving such language.   To the contrary, the Federal Circuit has held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009) (finding defective covenant insufficient to remove jurisdiction); *Gen. Elec. Co. v. NeuroGrafix*, No. 2:12-CV-04586-MRP-RZ, 2012 WL 13013132, at *8 (C.D. Cal. Aug. 16, 2012) (finding ambiguous covenant insufficient to remove jurisdiction), *adhered to on reconsideration*, No. 2:12-CV-04586-MRP, 2012 WL 12888331 (C.D. Cal. Sept. 28, 2012).   This Court should likewise find that the covenants offered by IP Edge, Mavexar, and Array fail to eliminate subject matter jurisdiction.

As for Waverly's covenant, Defendants have submitted absolutely no evidence that the allegations of sham behavior in PI's Complaint are incorrect.   In fact, Defendants have failed even to submit the disclosures of interest required by this Court's standing orders.   This means Waverly's covenant cannot be taken at face value and does not resolve the dispute.   Indeed, Defendants' hasty and defective covenants and consequent motion to dismiss appear to be an effort to avoid complying with those disclosure requirements in an attempt to shield themselves from the scrutiny of the Court.

To be sure, where defendants make a *factual* challenge to jurisdiction, "no presumptive truthfulness attaches to plaintiffs' allegations," and the Court may

weigh and consider evidence outside the pleadings.   *Mortensen*, 549 F .2d at 891;
*Gould*, 220 F.3d at 176.   However, in this case, Defendants have submitted no
evidence, while PI's Complaint itself cites plentiful evidence, including photographs
and inconsistent statements in other cases.   *See* D.I. 12 at ¶¶ 8-17.   Moreover, since
the Court is permitted to weigh and consider evidence outside the pleadings, it
should consider its findings in other cases, including its finding in the *Backertop*
case that "the testimony of witnesses and representations of counsel at the November
10, 2022 hearing and other conduct by counsel and entities in this case and other
cases in this Court give rise to concerns about . . . **whether there are real parties
in interest such as Mavexar and IP Edge that have been hidden from the Court
and Defendants, whether those real parties in interest perpetrated a fraud on
the court by fraudulently conveying to a shell LLC patents asserted in this
Court and filing fictitious patent assignments with the United States Patent and
Trademark Office designed to shield those parties from the potential liability
they would otherwise face in asserting patents in litigation in this Court**."   Case
1:22-cv-00572-CFC, D.I. 25 (emphasis added).

Given the doubts about whether Waverly really controls the patent-in-suit,
Waverly's covenant is not sufficient to remove subject matter jurisdiction.   The

Court should instead add the present case to its ongoing investigation of IP Edge and Mavexar's sham litigation tactics.[2]

### B. This Court Has Personal Jurisdiction Over Defendants

This Court has personal jurisdiction over Defendants, both under Delaware's long-arm statute and the due process clause, because this case arises out of conduct in Delaware.   As detailed in PI's Complaint, Defendants have undertaken a litigation campaign in this District to shake down settlements using sham proxies like Waverly as the nominal plaintiffs.   *See* D.I. 12 at ¶¶ 15-17.

For example, according to testimony given to this Court, IP Edge and Mavexar control litigation on behalf of entities affiliated with IP Edge, with the named plaintiff LLCs and their sole members having no input or control over the litigation and receiving only a token percentage of any settlement revenue.   Moreover, in a November 30, 2022 filing by Waverly in another of Waverly's lawsuits asserting the

---

[2] Notably, the Court has already begun an investigation into Waverly's shenanigans in this District.   In *Waverly Licensing LLC v. Granite River Labs Inc.* (1:22-cv-422-CFC) and *Waverly Licensing LLC v. AT&T Mobility LLC* (1:22-cv-420-CFC), the Court originally scheduled a hearing into these issues for December 6, 2022, before staying those proceedings in view of the parallel *Nimitz* case proceedings that were the subject of unsuccessful mandamus appeals to the Federal Circuit.   Now that the *Nimitz* mandamus proceedings have terminated, all three of the pending Waverly-related matters in this District are ripe for a new hearing to get to the bottom of the issues regarding enforcement of the '246 patent and the interplay between Waverly, IP Edge, Array, and Mavexar.

'246 patent-in-suit (C.D. Cal. 2:22-cv-8642-CAS-MAA, D.I. 10), Waverly acknowledged Mavexar LLC as an interested party who "may have a pecuniary interest in the outcome of this case."   In addition, Array also assigned some rights to another patent in the same family as the '246 patent to a separate entity, Creekview IP LLC ("Creekview"), including at least U.S. Patent No. 9,608,472 ("the '472 patent").   Creekview has been asserting the '472 patent in at least this District, including in six lawsuits filed in this District since November 2021.   *See* D. Del. C.A. Nos. 21-cv-1685-CFC (v. Corsair Gaming); 21-cv-1686-CFC (v. Belkin); 22-cv-425-CFC (v. Best Buy); 22-cv-426-CFC (v. Jabra); 22-cv-427-CFC (v. Skullcandy); 22-cv-428-CFC (v. Zound).[3]   And Waverly itself has filed other related litigation in this District, including six cases asserting the same patent at issue in this case, two of which are still pending.   *See* D. Del. C.A. No. 1:22-cv-420-CFC,

---

[3] Creekview is similarly already under investigation for its patent enforcement efforts in this District, and was to be included in the December 6, 2022 evidentiary hearings to get the bottom of IP Edge and Mavexar's role in the acquisition and enforcement of patents in this same family as the patent asserted by Waverly.   *See Creekview IP LLC v. Skullcandy Inc.*, 1:22-cv-427-CFC, D.I. 19 (setting evidentiary hearing).   As with the other Waverly proceedings, now that the *Nimitz* mandamus proceedings have terminated, the parallel Creekview investigation is similarly ripe for follow-up proceedings and a hearing to investigate the sham enforcement of patents in this District and elsewhere in conjunction with IP Edge, Mavexar, and Array.

D.I. 17 (Waverly Amended Complaint against AT&T); *see also Waverly Licensing LLC v. Granite River Labs Inc.* (1:22-cv-422-CFC).

In light of these allegations, the Court should reject Defendants' assertion (at 7) that "Array, Mavexar and IPE have not filed any lawsuits anywhere, including Delaware," particularly since Defendants have submitted no evidence, and not even filed the required disclosures that would allow PI or the Court to test the veracity of that allegation.

PI's allegations also easily distinguish the cases Defendants cite. For example, they first cite *In re Rosuvastatin Calcium Patent Litig.* for the proposition that "*[f]iling a counterclaim* and defending a lawsuit, and consensually participating in other cases, is not enough to serve as a basis for a finding of a *general presence* in Delaware *for all cases* or a permanent waiver of a defendant's right to contest jurisdiction." *See* 2009 WL 4800702 at *6 (D. Del. Dec. 11, 2009) (emphasis added). Here, Defendants *initiated litigation*, not mere counterclaims, and the Court need not consider "a general presence in Delaware for all cases" since Defendants' conduct in this District is directly related to this case. Defendants' other cases are similar. *E.g.*, *2003 L. and F. Becker Family Trust v. BOKF, NA*, 2016 WL 3227647 (E.D. Pa. June 13, 2016) (addressing general jurisdiction); *Merlino v. Harrah's Entertainment, Inc.*, 2006 WL 401847 at *3 (E.D. Pa. Feb. 17, 2006) (addressing impact of "unrelated" lawsuits in district).

11

Moreover, Defendants wholly fail to address the fact that Power Integrations, a Delaware resident, is a victim of Defendants' fraudulent scheme. *See Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 410 (D. Del. 2002) ("the heart of the holding in *Calder* was that any tortious conduct intentionally directed at a party confers personal jurisdiction over the tortfeasor in the district where the victim resides"); *Calder v. Jones*, 465 U.S. 783, 789-790 (1984) (California court had specific jurisdiction to hear suit brought by California plaintiff where Florida-based publisher of a newspaper having its largest circulation in California published an article allegedly defaming the complaining Californian; under those circumstances, defendants "must 'reasonably anticipate being haled into [a California] court.'")

The Court should thus find that it has personal jurisdiction over the Defendants in this Case.

### C.    Venue Is Proper

The Court should reject Defendants' venue argument for reasons similar to personal jurisdiction.

First, Defendants argue PI cites the wrong venue statue, but ignore PI's citation to the general venue statute, 28 U.S.C. § 1391, in its Amended Complaint. *See* D.I. 12 at ¶ 26.

Second, venue is satisfied under 28 U.S.C. § 1391 because this case relates directly to Defendants' conduct in this district and PI's injuries in this district. Under § 1391(b)(2), venue is proper in a district where "a substantial part of the events or omissions giving rise to the claim occurred, *or* a substantial part of property that is the subject of the action is situated."   (Emphasis added.)   Here, both prongs are met (though just one would be sufficient).   A "substantial part of the events or omissions giving rise to the claim" occurred in this District because of Defendants' conduct here, which is detailed in the previous section.   In addition, "a substantial part of property that is the subject of the action" is situated in this District because PI is incorporated here.

Defendants also fail to consider the effect of § 1391(b)(3), which states that an action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," "if there is no district in which an action may otherwise be brought as provided in this section."   Here, PI has already demonstrated that venue is not proper in Texas, in its motion to dismiss the case Waverly filed there.   *See* Case 6:22-cv-01144-RP, D.I. 8 (attached hereto as Exhibit 1).   Defendants have also not identified any other district where this case could be filed.   Therefore, venue is proper here because Defendants are subject to personal jurisdiction here.

13

## VI.    CONCLUSION

For the foregoing reasons, PI respectfully requests that the Court deny Defendants' motion to dismiss.

Date: April 14, 2023                              FISH & RICHARDSON P.C.

By: */s/ Warren K. Mabey, Jr.*
     Warren K. Mabey, Jr. (#5775)
     222 Delaware Avenue, 17th Floor
     Wilmington, DE 19801
     Telephone: (302) 652-5070
     Email: mabey@fr.com

     Frank E. Scherkenbach
     One Marina Park Drive
     Boston, MA   02210-1878
     Telephone: (617) 542-5070
     Email: scherkenbach@fr.com

     Michael R. Headley
     500 Arguello Street, Suite 400
     Redwood City, CA   94063
     Telephone: (650) 839-5070
     Email:   headley@fr.com

     ***Attorneys for Plaintiff***
     ***POWER INTEGRATIONS, INC.***

14

## **CERTIFICATION OF TYPE, FONT, AND WORD LIMITATION**

Pursuant to the Chief Judge Connolly's November 10, 2022 Standing Order Regarding Briefing in All Cases, the undersigned counsel certifies that the foregoing brief contains 2834 words, excluding the caption, table of contents, table of authorities, and signature blocks. The text of the foregoing brief is 14-point and in Times New Roman typeface.

*/s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)