IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 22-1554 CFC ) |
| WAVERLY LICENSING LLC, ARRAY IP LLC, MAVEXAR LLC and IP EDGE LLC, | ) ) ) ) |
| Defendants. | ) ) |

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

David L. Finger (ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE  19801
(302) 573-2525
Attorney for Defendants

Dated:  April 21, 2023

**TABLE OF CONTENTS**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  THIS COURT LACKS SUBJECT MATTER OVER THIS ACTION . . . . . 1

II. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. VENUE IS IMPROPER IN DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# **TABLE OF AUTHORITIES**

**Cases**

*Allah v. Seiverling*, 229 F.3d 220 (3rd Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Allen v. Addi*, 2021 WL 4306078 (D. D.C. Sept. 22, 2021) . . . . . . . . . . . . . . . . . . . 8

*Calder v. Jones,* 465 U.S. 783 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F.Supp.2d 489 (D. Del. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Carsello v. Clowser,* 1986 WL 10741 (D. Del. Sept. 29, 1986) . . . . . . . . . . . . . . . 8

*Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347 (Fed. Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039(E.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, 2016 WL 370708 (D. Del. Jan. 19, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Global Recycling Solutions, LLC v. Greenstar New Jersey, LLC*, 2011 WL 4501165 (D. Del. Sept. 28, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Holz Ltd. v. Kasha*, 2005 WL 8167400 (N.D. Cal. Dec. 2, 2005). . . . . . . . . . . . . . 3

*Merlino v. Harrah's Entertainment, Inc.*, 2006 WL 401847 (E.D. Pa. Feb. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*National Licensing Ass'n, LLC. v. Inland Joseph Fruit Co.,* 361 F.Supp.2d 1244 (E.D. Wa. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007) . . . . . . . . . . . . . 3

*Schubert v. Lumileds LLC*, 2020 WL 6888462 (D. Del. Nov. 24, 2020) . . . . . . . . 9

*Sherman v. Boston*, 486 S.W.3d 88 (Tex. App. 2016). . . . . . . . . . . . . . . . . . . . . . . 3

*State ex rel. Brady v. Preferred Florist Network, Inc.*, 791 A.2d 8 (Del. Ch. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **Other authorities**

10 Del. C. §3104(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1391(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Black's Law Dictionary 569 (5th ed. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cal. Code of Civ. Pro. §410.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Del. Const. Art. I, §9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Bus. Orgs. Code §101.106(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**ARGUMENT**

I. **THIS COURT LACKS SUBJECT MATTER OVER THIS ACTION.**

In their Opening Brief, Defendants demonstrated that they have each filed with this Court covenants stating that neither they nor any successor in interest will sue either Power Integrations or its customers for violations of the '246 patent. Consequently, the matter is moot and so this Court has lost subject matter jurisdiction over this action.

Plaintiff makes two arguments in response. First, it notes that IP Edge, Maxevar and Array state in their covenants that "they have no ownership or control of the '246 patent." (Opposition at 6).[1] Plaintiff goes on to state that "A covenant disclaiming authority to grant the very protection it purports to offer is facially meaningless, and another sham." (*Id.*). Plaintiff is wrong. IP Edge, Maxevar and Array do have authority to make a covenant not to sue. The fact that they do not own the '246 patent does not mean they cannot promise to not sue on it.

---

[1] Plaintiff states that "Defendants also cite no authority approving such language." (Opposition at 7). It is equally true that Plaintiff has not cited any authority disapproving of such language. The covenants here contain unambiguous statements that Defendants will not assert the '246 Patent against Plaintiff for any past, present or future acts.

Only the patent owner or the holder of all substantial rights under the patent may sue for infringement. *Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1352 (Fed. Cir. 2007). Plaintiff recognizes that Waverly, by assignment, is the owner of the '246 patent (Am. Compl. Ex. 5), and Plaintiff has not shown that any other party has a substantial interest in the patent.

Plaintiff suggests that Mavexar, Array and IP Edge own or have a substantial interest the '246 Patent because "they control litigation on behalf of entities affiliated with IP Edge...." (Am. Compl. §§16-17). Plaintiff offers no authority for the proposition that an agreement to control litigation constitutes an assignment, making Defendants "owners."

In any event, even if the Court accepts as true for the purpose of this Motion to Dismiss that any of Defendants owns or has a substantial interest in the '246 patent, then the covenants are still valid because Defendants have made a binding, unconditional promise not to sue. Plaintiff still receives full protection from suit from those entities and suffers no prejudice from Defendants' statements disclaiming ownership.[2]

---

[2] Plaintiff cavalierly states that Waverly "has submitted no evidence contradicting the allegations in PI's Complaint is a sham entity controlled by others." (Opposition at 1). Yet Plaintiff also concedes that, on a factual challenge to subject (continued...)

2

Plaintiff's second argument is that it doesn't know who owns Defendants.[3] This is irrelevant in this context. As Defendants are Texas LLCs (Compl. ¶2), their members do not have any interest in the property of the LLC. Tex. Bus. Orgs. Code §101.106(b). This is so even if an LLC has only one member. *Sherman v. Boston*, 486 S.W.3d 88, 95 (Tex. App. 2016). Absent an interest in the patent, members of the LLC cannot sue in their own name for infringement. *Holz Ltd. v. Kasha*, 2005 WL 8167400 at *1 (N.D. Cal. Dec. 2, 2005).

This Court has not found any fraud or unlawful conduct by Waverly in any litigation. Nor has it found that there are any hidden real parties in interest. Plaintiff's assertion that the Court made a "finding" in its Memorandum Order in

---

[2](...continued)
matter jurisdiction (if, indeed, Defendants have brought a factual challenge), the allegations of its Complaint are not presumed to be true. (Opposition at 5, 8). In any event, there is neither allegation nor proof that the LLCs are controlled by anyone other than the named owners. The right to initiate, oversee or control litigation, even coupled with a right to a share of the recovery, is insufficient as a matter of law to establish ownership sufficient to support standing to sue for patent infringement. *Propat Int'l Corp. v. Rpost, Inc*., 473 F.3d 1187, 1189-90, 1192 (Fed. Cir. 2007) (a license to sue to enforce a patent does not confer ownership rights in the patent); *National Licensing Ass'n, LLC. v. Inland Joseph Fruit Co.,* 361 F.Supp.2d 1244, 1253 (E.D. Wa. 2004).

[3] Plaintiff correctly noted that Defendants had not filed their Disclosure Certification. That oversight has been corrected, and Defendants apologize to the Court for they delay in supplying it.

*Backertop Licensing LLC v. Canary Connect, Inc.*, C.A. No. 1:22-cv-00572-CFC, D.I. 25, as to alleged misconduct by another party is simply false. The Court only stated that it had "concerns." A statement of concerns is not a "finding" that those concerns have been proved out. *See* Black's Law Dictionary 569 (5th ed. 1979) (defining "finding" as "[a] decision upon a question of fact reached as the result of a judicial examination or investigation...").

Plaintiff has failed to show that the covenants not to sue are invalid or ineffectual. They protect Plaintiff from suit from Defendants and any successors in interest for infringement on the '246 patent. The law set forth herein protects them from suits by any other parties on the '246 patent. Consequently, this action is moot and should be dismissed for lack of jurisdiction.

## II.   THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

In their opening brief, Defendants demonstrated that Waverly's action of suing other parties for patent infringement in Delaware does not satisfy either Delaware's long-arm statute or due process.[4]

---

[4]

Plaintiff attempted to distinguish Defendants' cases on this point by stating they all involved the defendants defending a lawsuit, while Waverly has filed suits as a plaintiff. However, in *Merlino v. Harrah's Entertainment, Inc.*, 2006 WL 401847 (E.D. Pa. Feb. 17, 2006), cited in Defendants' Opening Brief, the court found
(continued...)

4

Although Plaintiff does not identify in its brief what provision(s) of Delaware's long arm statute it is basing its position upon, it appears Plaintiff is relying on 10 Del. C. §3104(c)(3), which authorizes personal jurisdiction where a defendant "[c]auses tortious injury in the State by an act or omission in this State."

Initially, Section 3104 authorizes jurisdiction over a party that has committed one of the enumerated acts "in person or through an agent." Waverly is the only one of Defendants who has filed lawsuits in Delaware. So it was incumbent upon Plaintiff to allege facts showing that the other Defendants directed Waverly to file the suits on their behalf in Delaware. *Global Recycling Solutions, LLC v. Greenstar New Jersey, LLC*, 2011 WL 4501165 at *11 (D. Del. Sept. 28, 2011). While Plaintiff argues that Defendants have business relationships with each other, that does not of itself permit a conclusion that Waverly is an agent of the others. *See Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039 at *4 (E.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ("Although Plaintiff alleges a business relationship between Defendant Lifestyles and RCI, Plaintiff does not allege facts supporting an inference that RCI instructed other

---

⁴(...continued)
that the defendant in that case, by filing lawsuits as a plaintiff, did not subject itself to personal jurisdiction. *WL Op.* at *3.

Defendants and/or unnamed agent or callers to call Plaintiff or show that these entities were in fact acting at the directive or on behalf of RCI") (citation omitted).

Next, Plaintiff has not identified a tortious act in Delaware. A "tortious act," for the purpose of the long-arm statute, is not limited to the strict definition of tort but includes a breach of a duty to another making that person liable for damages. *State ex rel. Brady v. Preferred Florist Network, Inc.*, 791 A.2d 8, 13 (Del. Ch. 2001). Plaintiff has not identified any tort committed by Defendants in Delaware nor any duty to Plaintiff that they breached which subjects them to a claim for damages. Filing a lawsuit is not a tortious act. Indeed, it is conduct that is protected by the Constitution of the United States, *Allah v. Seiverling*, 229 F.3d 220, 224 n.4 (3rd Cir. 2000), and the State of Delaware. Del. Const. Art. I, §9.

Plaintiff attempts to get around this by calling other lawsuits against other parties a "sham." Plaintiff does not explain what it means by "sham" as a legal term or how any "sham" relates to the merits of the claim for patent infringement. Significantly, Plaintiff does not explain how this undefined "sham," involving other cases where Plaintiff is not a party, constitutes a tort directed at it.

Next, Plaintiff has not identified any tortious injury it suffered from the filing of those other lawsuits against other Defendants. Absent allegations of facts

6

supporting that conclusion, Plaintiff's basis for personal jurisdiction over Defendants under Section 3104(c)(3) crumbles.

Defendants recognize that this Court has held that "[u]nder Delaware law, a party can be considered to have consented to jurisdiction by 'instituting another, related suit' that has some 'logical relationship' to the present suit." *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, 2016 WL 370708 at *2 (D. Del. Jan. 19, 2016) (citation omitted). However, this statement cannot relieve Defendant from having to demonstrate agency, tortious action and injury resulting from the other lawsuits, as required by Section 3104(c)(3).

Further, under *Funai*, to establish jurisdiction via filing other lawsuits, there must be a "logical relation" between those cases and the present case. In this context, "logical relationship" means that there "are parallel suits between identical parties." *Funai Electric Co., Ltd.*, WL Op. at *2 . *See also Capriotti' Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F.Supp.2d 489, 501 (D. Del. 2012) (other lawsuit related where it was between the same parties). That is not the case here.

Finally, Plaintiff invokes *Calder v. Jones,* 465 U.S. 783 (1984), to argue that the "effects test" discussed in *Calder* means that because Plaintiff, a Delaware resident, was allegedly, "a victim of Defendants' fraudulent scheme," this allows the

7

Court to assume jurisdiction over Defendants. (Opposition at 12). Again, Plaintiff does not explain how it was a victim of any fraudulent scheme.

*Calder* was a case from California, where the long-arm statute permits jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code of Civ. Pro. §410.10 (quoted in *Calder*, 465 U.S. at 786 n.5). As such, its analysis related to the "due process" prong of the jurisdictional inquiry. By contrast here, the Court must first examine whether personal jurisdiction is appropriate under Delaware's long-arm statute before *Calder* can be invoked. *See Carsello v. Clowser,* 1986 WL 10741 (D. Del. Sept. 29, 1986); *Allen v. Addi*, 2021 WL 4306078 at *11 (D. D.C. Sept. 22, 2021). As Plaintiff fails to satisfy the requirements of Section 3104, the *Calder* test is irrelevant.

### III. <u>VENUE IS IMPROPER IN DELAWARE.</u>

Plaintiff's first argument is that venue in Delaware is appropriate pursuant to 28 U.S.C. §1391(b)(2) for two reasons. The first is that allegedly a substantial part of the events giving rise to the claim occurred in Delaware. (Opposition at 13). However, the only claim set forth in the Amended Complaint is for a declaration of non-infringement. There is no allegation that any acts that would give rise to a claim infringement occurred in Delaware. There is no allegation that the allegedly

8

infringing products were manufactured, advertised, marketed or used in Delaware. The issues that have arisen in other cases are not the subject of the claim here.

In *Schubert v. Lumileds LLC*, 2020 WL 6888462 (D. Del. Nov. 24, 2020), defendant Lumileds filed a counterclaim against the Trustees of Boston University ("BU"), seeking a declaration of non-infringement. WL Op. at *2. BU moved to dismiss the counterclaim for, among other things, improper venue. Lumileds argued that venue was appropriate because the plaintiff's filing of his Complaint in Delaware showed that a substantial part of the events or omissions giving rise to the claim occurred. The Court rejected that argument:

> Lumileds, however, seeks declaratory relief that the '475 patent is not infringed, invalid, and unenforceable. Its counterclaim of unenforceability is based on BU's alleged inequitable conduct, which did not occur in Delaware. Lumileds identifies no other events or omissions in Delaware that gave rise to its claims of non-infringement, invalidity, and unenforceability. Thus, Delaware is an improper venue for Lumileds' counterclaims against BU.

WL Op. at *6. Similarly here, the claim of non-infringement has nothing to do with issues of ownership raised in other cases, and Plaintiff's referring to those issues does not make them the cause of the present litigation.

Nor is a "substantial part of the property that is the subject of the action" located in Delaware. The patent belongs a Texas entity, Defendants are all Texas

9

entities, and there is no allegation that the allegedly infringing products are located in Delaware.

Section II above establishes that there is no basis for personal jurisdiction over Defendants. Finally, as Plaintiff can file voluntarily a declaratory action in Texas, there is an available venue.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as the reasons stated in their Opening Brief, Defendants respectfully request that the Court dismiss this action against them in its entirety.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE  19801
(302) 573-2525
Attorney for Defendants

Dated: April 21, 2023

## CERTIFICATION OF TYPE, FONT, AND WORD LIMITATION

Pursuant to the Chief Judge Connolly's November 10, 2022 Standing Order Regarding Briefing in All Cases, the undersigned counsel certifies that the foregoing brief contains 2,214 words, excluding the caption, table of contents, table of authorities, and signature blocks. The text of the foregoing brief is 14-point and in Times New Roman typeface.

                Respectfully submitted,

                /s/ David L. Finger
                David L. Finger (ID #2556)
                Finger & Slanina, LLC
                One Commerce Center
                1201 N. Orange St., 7th fl.
                Wilmington, DE  19801
                (302) 573-2525
                Attorney for Defendants

Dated: April 21, 2023