IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WAVERLY LICENSING LLC, ARRAY IP LLC, MAVEXAR LLC, and IP EDGE LLC, <br><br> Defendants. | Civil Action No. 22-1554-CFC |

## MEMORANDUM

Defendants Waverly Licensing, Inc., Mavexar LLC, Array IP LLC, and IP Edge LLC have moved pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) to dismiss the Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue. D.I. 26.

Based on the allegations in the first eight pages of the 13-page Complaint, which I must accept as true, *see Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008), Defendants have perpetrated a scheme to defraud Plaintiff Power Integrations, Inc. and other companies by engaging in a "broad and aggressive campaign" of filing in this Court and other district courts thousands of frivolous patent suits using "sham" entities that "effectively [make] 'judgment proof[]' the

real parties in interest," IP Edge and Mavexar. D.I. 12 ¶¶ 5–17. One might expect from reading these allegations that the remaining pages of the Complaint would include a RICO count with mail or wire fraud predicates. But instead, the single count alleged in the Complaint seeks a declaratory judgment of noninfringement of U.S. Patent No. 10,938,246 (the #246 patent). *See* D.I. 12 at 11–13.

Each Defendant, however, has filed with the Court a covenant not to sue Power Integrations for infringement or alleged infringement of the #246 patent now and in the future. *See* D.I. 16; D.I. 17; D.I. 18; D.I. 19. Defendants argue, and I agree, that those covenants render this action moot and divest the Court of subject matter jurisdiction. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855–56 (Fed. Cir. 1999) (holding there was no actual controversy in a declaratory judgment action when the patentee had filed a covenant not to sue over a patent). Power Integrations protests in its brief filed in response to Defendants' motion that "Defendants wholly fail to address the fact that Power Integrations, a Delaware resident, is a victim of Defendants' fraudulent scheme." D.I. 28 at 12. But Power Integrations didn't allege a fraud claim or even a fraud-related claim. It alleged only a claim for a declaratory judgment of noninfringement of the #246 patent. *See* D.I. 12 at 11–13. And since each Defendant has promised never to sue Power Integrations for infringement of that patent, there is no case or controversy that would allow me under Article III of the Constitution to entertain this suit.

2

Accordingly, I will dismiss the case for lack of jurisdiction.

The Court will enter an order consistent with this Memorandum.

Dated: March 12, 2024

                                                      CHIEF JUDGE